UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81128-CIV-HURLEY

MICHAEL HART AND RAINE HART,
          plaintiffs,

vs.

NEWMAR CORPORATION,
SPARTAN CHASSIS, INC., CUMMINS INC., and
TRAVEL EASY RV, INC.,
          defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' DEMAND FOR JURY TRIAL

**THIS CAUSE**  is before the court upon the defendant Newmar Corporation's motion to

strike plaintiff's demand for jury trial [DE# 22], in which the defendants Spartan Chassis, Inc. and

Cummins Inc. have joined  [DE#  23, 24].  Having carefully reviewed the motion in conjunction

with the  plaintiffs' response and sur-reply in opposition [DE# 25, 31], the court has determined to

grant the motion and strike the demand for jury trial.

**I.  Background**

Plaintiffs Michael Hart and Raine Hart bring this action against defendants Newmar

Corporation, Spartan Chassis, Inc. and Cummins, Inc. ("defendants") alleging that the  defendants

breached their  warranty and service contract obligations under the Magnuson-Moss Warranty  Act,

15 U.S.C. § 2310(d)  following a reasonable opportunity to cure pursuant to 15 U.S.C. § 2310(e).

In April, 2006, plaintiffs purchased a 2005 Newmar MAPD recreational vehicle at a cost of

$300,022.63  from the defendant  Travel Easy RV, Inc.    After the purchase,  plaintiffs claim that

the vehicle exhibited various defects which they promptly reported to the defendant manufacturers and/or their authorized dealers on multiple occasions.   They claim that the defendants' subsequent repair attempts  were ineffective,  leaving them with a "worthless" or "substantially impaired" vehicle  which is unusable  for the purpose for which it was intended. [Complaint ¶¶ 7-13].

Pursuant to the Magnuson -Moss Warranty  Act, 15.U.S.C. §1310,  plaintiffs now  seek to recover from  defendants the "diminution of damages up to the 'full purchase price' of the vehicle," together with  "collateral charges,  finance charges,  incidental  and  consequential  damages," plus attorneys' fees and costs.  [Complaint, ¶ ¶27, 39, 51].

Plaintiffs' complaint includes a demand for jury trial on all issues, except the attorneys fees and costs demand.  By their current motion, the defendants seek to strike the plaintiffs' demand  for jury trial contending that plaintiffs have no Seventh Amendment right to jury trial because their breach of warranty claim is equitable and  statutory in nature and did not exist at common law.  For reasons which follow, the court agrees that the plaintiff enjoys no Seventh Amendment right to jury trial upon this claim, and shall accordingly grant the subject  motion to strike [DE# 22, 23, 24].

## II. Analysis

"[T]he right to a jury trial in federal courts is to be determined as a matter of federal law.'" *Ford v Citizens & Southern Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991)(quoting *Simler v Conner*, 372 U.S. 221, 222 (1963)**).**

The Seventh Amendment  guarantees litigants a  trial by  jury of  legal issues even where there is no statutory entitlement.  The Seventh Amendment  provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..." U.S. Const. Amend. VII.  The Supreme Court has construed  this language to require

jury trials in statutory actions analogous to common law actions existing in 1791, that is, the year of the ratification of the Seventh Amendment. *Tull v United States*, 481 U.S. 412, 107 S. Ct. 1831, 95 L. Ed.2d 365 (1987). If a statutory action is more analogous to eighteenth-century cases in equity or admiralty, the Seventh Amendment right of trial by jury is inapplicable.

In determining whether a statutory action is more analogous to cases tried at law (carrying the right to jury trial) than cases tried in equity (carrying no right to jury trial), the court must examine both the nature of the action and the remedy sought. *Id.* In this connection, the court must first compare the statutory action to 18th-century actions brought in courts of England prior to the merger of the courts of law and equity, and must second "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v United States,* 481 U.S. 412, 417-418 (citations omitted).

In the case at bar, plaintiffs seek to recover "diminution in damages up to the 'full purchase price' of the vehicle, collateral charges, finance charges, incidental and consequential damages" plus "reasonable attorneys' fees" and costs. This is essentially a request for refund and rescission, a form of equitable relief available under the Magnuson-Moss Warranty Act when repairs are not performed within a reasonable number of attempts. *Jones v Fleetwood Motor Homes*, 127 F. Supp. 2d 958 (N.D. Ill. 2000). That is the relief sought is equitable in nature because it is intended to restore the plaintiffs to the position they were in prior to their agreement to purchase the vehicle, i.e. it is intended to effect a restoration of the status quo. Because the refund sought, like the remedy of rescission, is equitable in nature, plaintiffs are not entitled to a jury trial upon this claim. *See Scheurenbrand v Wood Gundy Corp*., 8 F.3d 1547 (11th Cir. 1993)(action for rescission is equitable proceeding carrying no right to jury trial); *Phillips v Kaplus*, 764 F.2d 807 (11th Cir.

1985)(same); *Powers v Lazy Days RV Center, Inc*., 2006 WL 1890188 (M.D. Fla. 2006)(striking demand for jury trial on Magnuson-Moss Warranty Act claim); *Chmura v Monaco Coach Corporation*, 2005 WL 1705469 (M. D. Fla. 2005).

### III. Conclusion

It is accordingly **ORDERED AND ADJUDGED** as follows:

1. T he defendants' motion to strike plaintiff's demand for jury trial [DE# 22, 23 and 24] is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 16th day of July, 2009.

_____
Daniel T. K. Hurley
United States District Judge

cc.

All counsel

For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts